# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Leroy Bennett, ) | |
| ) | Civil Action No. 9:14-cv-03867-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Cecilia Reynolds, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Leroy Bennett ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 1988 convictions for kidnapping, armed robbery, assault and battery with intent to kill, and grand larceny of a vehicle. (ECF No. 1 at 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling. On January 14, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the Petition. (ECF No. 14.) This review considers Petitioner's Objection to the Magistrate's Report and Recommendation ("Objections") filed on February 4, 2015. (ECF No. 16.) For the reasons set forth herein, the court **ACCEPTS** the conclusions of the Magistrate Judge's Report and thereby **DISMISSES** the Petition. (ECF No. 1.)

## I. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2554, which states that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody under a sentence in violation of the Constitution, laws, or treaties of the United States.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A jury in the Fourth Judicial Circuit of the State of South Carolina General Sessions

1

Court convicted Petitioner for kidnapping, armed robbery, assault and battery with intent to kill, and grand larceny of a vehicle. (ECF. No 1 at 1.) On October 6, 1988, Petitioner was sentenced to life in prison, 25, 20, and 10 years, respectively, for the convictions. (*Id.*) Petitioner remains in confinement at the Lee Correctional Institution in Bishopville, South Carolina in the custody of the South Carolina Department of Corrections. (*Id*.) The South Carolina Supreme Court affirmed Petitioner's appeal of all convictions challenged by Petitioner on July 20, 1990. (*Id.* at 2.) Additionally, on May 11, 2008, the South Carolina Court of Appeals affirmed the denial of Petitioner's Motion for a New Trial from the Fourth Judicial Circuit in the South Carolina Court of General Sessions May 11, 2008. (ECF No. 10-1 at 31.) Most notably, Petitioner previously filed a Petition for Writ of Habeas Corpus in this court challenging the same convictions and sentences from October 1988 that he is challenging in the above captioned matter. *See Bennett v. Ward*, No. 0:95-2362-23 (D.S.C 1997).[1] On March 3, 1997, the Honorable Patrick Michael Duffy, Senior United States District Judge, granted the respondent's motion for summary judgment in the previous habeas petition. *Id.* There is no indication from the record and Petitioner admits that he has not received authorization from the Fourth Circuit Court Appeals to file a successive petition. (ECF No. 10-1.)

Petitioner filed this Petition pursuant to 28 U.S.C. § 2254 on October 3, 2014. (ECF No. 1.) Petitioner challenges his conviction and asserts that the Supreme Court's holding in *McQuiggin v. Perkins*, __U.S.__, 133 S. Ct. 1924 (2013) provides a basis to excuse him from the requirement that he obtain authorization from the Fourth Circuit prior to filing his successive

---

[1] The court may take judicial notice of its own files and records. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1246, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *see also Aloe Creme Lab., Inc. v. Francine Co.,* 425 F.2d 1296, 1296 (5th Cir. 1970).

petition. (ECF No. 1 at 1.) Petitioner asserts that he is "actually innocent" based on discovery of new evidence, and the holding in *McQuiggin* allows him an exemption from the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 1 at 15.) On January 14, 2015, the Magistrate Judge issued the Report, recommending the court summarily dismiss the Petition. (ECF No. 14.) In the Report, the Magistrate Judge found that Petitioner's claim that *McQuiggin* provides a basis to excuse him from the requirement that he obtain permission from the Fourth Circuit prior to filing his successive petition does not apply to Petitioner because *McQuiggin* only applies to first time habeas petitioners who can show actual innocence beyond the statute of limitations period. (ECF No. 14 at 4.) In *McQuiggin*, the Supreme Court held that a first-time federal habeas petitioner could equitably toll the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence." *McQuiggin*, 133 S. Ct. at 1928. Petitioner has not shown that the holding in *McQuiggin* applies to a subsequent petition or that it excuses the requirement that he obtain permission from the Fourth Circuit to file a successive petition. *See US v. Jones*, 58 F.3d 579 (4th Cir. 2014) *cert. denied*, 135 S. Ct. 1467 (2015) (holding that actual innocence exception did not apply to overcome a statutory bar).

The Magistrate Judge concluded that since Petitioner has not indicated that he has received permission from the Fourth Circuit Court of Appeals to file this successive Petition, and this court lacks jurisdiction to consider the instant Petition. *See United States v. Winestock*, 240 F.3d 200, 205 (4th Cir. 2003) (citing to 28 U.S.C § 2244(b)(3)(A)). Petitioner timely filed his Objections on February 4, 2015. (ECF No. 33.)

### III. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a

recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to the Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal a court Order based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

As previously noted, under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or equivalent thereof) without first receiving

permission from the appropriate circuit court of appeals.  *See* 28 U.S.C § 2244(b)(3)(A)). Specifically, the "gatekeeping" mechanism of 28 U.S.C. § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004) (holding that "the initial determination of whether a claim satisfies the requirements of § 2244(b)(2) "must be made to a court of appeals.").  Accordingly, the law is well-settled that prior to filing a second or successive petition under § 2254, Petitioner must have obtained a certificate of appealability from the Fourth Circuit Court of Appeals.  *See Davis v. McFadden*, No. 0:14-CV-2662-RMG, 2014 WL 5305931, at *1 (D.S.C. 2014).  Since Petitioner has not shown that the Fourth Circuit has authorized his successive motion under § 2254, this court does not have jurisdiction to litigate his claim.  *See Winestock*, 240 F.3d at 205.

However, in his Objection, Petitioner asserts that the Supreme Court's holding in *McQuiggin* relieves him of the requirement that he obtain successive authorization from the Fourth Circuit based on his claim of newly discovered evidence that would make him "actually innocent."  (ECF No. 16 at 3.)  In *McQuiggin,* the Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon discovery of new evidence that, by a clear and convincing standard of proof, the petitioner could articulate a showing of "actual innocence."  *McQuiggin*, 133 S. Ct. at 1928.

Neither Petitioner nor the Fourth Circuit has reasoned that *McQuiggin* must apply to successive unauthorized review by the district court.  Critical to the Court's decision in *McQuiggin*, the Court expressly recognized that Congress, through § 2244(b), intended to "modify" and "constrain" the "actual innocence" exception with respect to *second or successive*

*petitions*. *Id*. at 1933–34 (emphasis added); *See In re Warren*, 537 F. App'x 457, 457–58 (5th Cir. 2013) (noting that *McQuiggin* allowed a petitioner to file a first time habeas petition upon a showing of actual innocence, but expressly recognized that Congress, through § 2244(b), intended to modify and constrain the actual innocence exception with respect to second or successive petitions, such that nothing in *McQuiggin* authorized the Fifth Circuit to ignore or bypass those constraints). Section 2244(b)(2)(B)(i–ii) dismisses a second or successive unless: "(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim…would be sufficient to establish…that…no reasonable fact finder would have found the applicant guilty of the underlying offense." *Id*. While Petitioner's underlying discovery of new evidence may trigger a potentially allowable successive § 2254 petition, Section 2244(b)(3)(A) prevents a district court from examining the inquiry due to lack of jurisdiction.

Contrary to the Petitioner's objection, the evasion from the statute of limitations requirement for a first-time filer's "actual innocence" assertion in *McQuiggan* does not translate to an evasion from the jurisdictional requirements contained in §2255(b)(3)(A) for second or successive filers. *See Caldelario v. Warden*, __F. App'x__, 2014 WL 6056234, at *1 (11th Cir. Nov. 14, 2014) (affirming district court's dismissal of federal prisoner's § 2241 petition as second or successive and noting that the holding in *McQuiggin* was limited to petitions for habeas corpus and said nothing about whether a petitioner may bring a successive petition under the Savings Clause). Petitioner has previously filed a § 2254 petition with this court which resulted in a dismissal for habeas relief. *See Bennett v. Ward*, No. 0:95-2362-23 (D.S.C 1997). Petitioner has not shown that the *McQuiggin* gateway exception applies to his circumstances. Therefore, this court is not authorized to inquire into merits of the newly discovered evidence to

6

determine "actual innocence" by clear and convincing evidence due to lack of jurisdiction. *See Winestock*, 240 F.3d at 205.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the ultimate conclusions of the Magistrate Judge's Report (ECF No. 14). It is therefore ordered that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** without prejudice to allow Petitioner to seek authorization from the Fourth Circuit to file a successive § 2254 petition in this court.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 5, 2015
Columbia, South Carolina